POI of Pago Pago, Plaintiff

v.

TALO of Pago Pago, Defendant

No. 3-1934

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Sauio'o" in Pago Pago]

February 10, 1936

---

H. P. WOOD, *Chief Justice;* and PULETU, *Associate Judge*

DECISION

At a term of the High Court of American Samoa held at the Courthouse in Fagatogo on the 10th day of February, 1936.

Presiding: *Chief Justice* HARRY P. WOOD, *Associate Judge* PULETU.

The Plaintiff, Poi of Pago Pago, and his counsel, Asuega, and the Defendant, Talo of Pago Pago, and his counsel, Crossfield Hunkin, were present.

This is a land case to determine the title of the land Sauio'o, located on the land side of the public road just north of the old L.M.S. Church in Pago Pago.

Talo, a matai, filed the land for registration, and Poi, also a matai, objected.

Talo's witnesses, in addition to himself, were a former Talo and Tali.

Poi's witnesses, [sic] in addition to himself, was a former Tali.

It appears from the testimony that for some years both Talo and Poi and their families have lived on this land. Talo and his family occupy a house back from the road on the southerly end of the land and Poi and his family occupy several houses extending from the road inland on the northerly end of the land. Both families have planted taro and bananas and used the fruits of their respective plantations, and both families have used at will the breadfruit and coconuts growing on the land. There are two cemeteries on the land. It is admitted that many of the Poi family are buried in these cemeteries, but it is disputed that there are members of the Talo family buried here. Tali, a witness for Talo, said that he knew of but one Talo buried here and that was Talo-Siolo.

Poi was born on this land fifty-two years ago. The present Talo has apparently lived on the land not longer than about four years, but there is testimony, which is disputed, that other Talos have lived there.

Poi and his witnesses offered evidence of many acts of pule of the land, such as leases made, permission given to build houses, etc. Talo offered the testimony of Tali that permission to him was given to live on the land by a former Talo, but a former Tali testified that this permission was given to the Tali family by a Poi.

Talo put in evidence a long history in an endeavor to show his pule of the land, but weighed in the balance with Poi's testimony that he was born on the land and that his predecessor in title also lived there for many years, Talo's testimony is not convincing, especially as it appears that the Talo family's home is Sailele.

This case would probably not have arisen had there not been recent ill feeling between Talo and Poi, which led to the survey of the land by Talo. Prior to that time both

families lived on the land peacefully and enjoyed the fruits thereof, and this state of affairs might have continued except for a petty quarrel.

Under the well known principle of law (if it were necessary to invoke it here) a title ripens after twenty years of open, notorious possession under a claim of right. Poi, under this rule, would have the title to that part of the land used and occupied by him and his family as against Talo, and Talo would have the same right against Poi had he been able to show an adverse possession for twenty years, but this adverse possession by Talo was not shown. It appears more likely that Talo is, and his family has been for some years, a tenant by the sufferance of Poi.

On all the evidence it is the opinion of the Court that the title of the land Sauio'o is in the matai name Poi, and that this land, as surveyed and filed for registration by Talo, will be registered in Poi's name. Whether or not Poi is satisfied with this registration made by Talo does not appear. If he claims more land than the survey plat calls for he will have to come to court for it in a separate proceedings.

If Poi will continue to suffer Talo and his family to continue to use that part of the land now occupied by him it would be a generous act on his part, and he would be commended for it, but he is not compelled legally to do so.

It is accordingly ordered, adjudged and decreed that the title of land Sauio'o shall be registered, according to the survey heretofore filed in this Court, in the matai name of Poi, and that the costs of this action, in the amount of $25.00 be assessed to Talo.

SO ORDERED.